IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN SHAPIRO,

      Plaintiff,

v.                                                                                    No. 1:25-cv-01252-JCH-JFR

JOY CAMPANELLI,

      Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed December 16, 2025, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed December 16, 2025 ("Short Form Application").

United States Magistrate Judge John F. Robbenhaar notified *pro se* Plaintiff that his Complaint should be dismissed for failure to state a claim, ordered Plaintiff to file an amended complaint, and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. *See* Order, Doc. 4, filed December 17, 2025 (also ordering Plaintiff to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form Application")). Plaintiff did not file an amended Complaint or a Long Form Application by the January 7, 2026, deadline. Judge Robbenhaar's Order, which the Clerk mailed to Plaintiff, was returned as undeliverable. *See* Doc. 5, filed January 5, 2026 (marked "return to sender, insufficient address, unable to forward"); Doc. 6, filed January 8, 2026 (marked "return to sender, attempted unknown, unable to forward"); D.N.M.LR-Civ. 83.6 ("All attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses").

The Court dismisses this case without prejudice because Plaintiff has not complied with Judge Robbenhaar's Order to file an amended complaint and to file a Long Form Application. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). The Court denies Plaintiff's Short Form Application to proceed without prepaying fees and costs because the Court is dismissing this case.

**IT IS ORDERED** that:

(i)   This case is **DISMISSED without prejudice.**

(ii)  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed December 16, 2025, is **DENIED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE